# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID MIZELL AND KYONG MIZELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:18CV1706 HEA ) |
| PROFESSIONAL TRANSPORTATION SOLUTIONS, LLC, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs, David and Kyong Mizell, motion for default judgment and for a permanent injunction (Doc. No. 20). Plaintiffs David and Kyong Mizell ("Plaintiffs") bring this action alleging breach of the Bill of Lading and violation of the Carmack Amendment, 49 U.S.C. § 14706 (Count I) and common law conversion (Count II). Plaintiffs also seek to permanently enjoin Defendant Professional Transportation Solutions, LLC ("Defendant") from selling or otherwise disposing of Plaintiff's belongings which are in Defendant's possession.

## BACKGROUND

Plaintiffs are a married couple and citizens of the State of Florida. Defendant Professional Transportation Solutions, LLC ("Defendant") is a Missouri limited

liability company with its principal place of business in St. Louis, Missouri. Defendant is a licensed federal motor carrier (US DOT 2950850).

Defendant was engaged to transport Plaintiffs' household goods from their home in Chester, Virginia to their new home in Saint Augustine, Florida. Defendant arrived at Plaintiffs' Virginia home on May 30, 2018 to load Plaintiffs' furnishings and household goods on its truck. Kyong Mizell signed a Bill of Lading with Defendant for the shipment. Plaintiffs paid Defendant a booking deposit and pickup charge.

The goods loaded on the truck included Plaintiffs' documents containing their social security numbers, a "lifetime" of personal family photographs, David's military medals and uniform, as well as several of David's health-related items, including his wheelchair, porta potty, and BiPap device, which assists his breathing.

Defendant arrived with Plaintiffs' belongings at Plaintiffs' home in Florida on July 20, 2018 which is outside the "standard delivery window" provided in the bill of lading. Defendant demanded immediate payment as a condition for delivery of the goods. Plaintiffs refused to pay, contending that they were entitled to an offset because of late delivery, and that they were entitled to inspect the goods for damages before making any payment. Defendant would not allow Plaintiffs to

inspect their property, and refused to unload the property until and unless Plaintiffs made an immediate payment.

Defendants have not delivered Plaintiffs' property. Plaintiffs have incurred expenses on a hotel and minimal furnishings for their home to permit habitation therein. David has not been able to acquire another BiPap device.

After July 20, Defendant continued to demand the original payment, plus additional charges for warehouse handling, storage charges and redelivery charges. Defendant sent Plaintiffs a Notice of Default dated October 1, 2018. Defendant also wrote of its intent to sell Plaintiffs' household goods and furnishings on October 18, 2018 if Plaintiffs did not pay.

Plaintiffs filed suit, along with a motion for a TRO on October 5, 2018. Plaintiffs' counsel averred that he made reasonable efforts to give Defendant notice of the motion for a TRO. This Court entered a temporary restraining order on October 15, 2018, which it extended once, through November 12, 2018.

Defendant was served through its registered agent on October 15, 2018. Defendant was required to file an answer or other responsive pleading within twenty-one (21) days of being served with the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff has attempted to notify Defendant of the proceedings by sending its pleadings and the temporary restraining orders by email, first class mail, and/or facsimile, to Defendant, Defendant's registered agent, and other

interested parties. Defendant has failed to enter an appearance or timely file a responsive pleading.

## DISCUSSION

The entry of a party's default is appropriate when the party fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). When a plaintiff's claim is not for a sum certain or a sum that can be made certain, it "must apply to the court for a default judgment. " Fed. R. Civ. P. 55(b)(2). Plaintiffs' Motion for Default Judgment seeks a permanent injunction and the amount of damages awarded depends upon whether the Defendant delivers Plaintiffs' household goods, so it is for the Court to enter default judgment.

"In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v. National Credit Works II, LLC*, 2011 WL 5222601, at *1 (E.D.Mo. Nov. 2, 2011) (*citing Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir.1988)). Plaintiff's allegations are accepted as true, except for those relating to the amount of damages. *See Sojka v. Takhar Collection Services, Ltd.*, 2013 WL 466287, at *2 (E.D.Mo. Feb. 7, 2013).

**Carmack Amendment Claim**

"In adopting the Carmack Amendment, Congress intended to impose a single uniform federal rule upon the obligations of carriers operating in interstate

commerce." *Rocky Ford Moving Vans, Inc. v. United States*, 501 F.2d 1369, 1372 (8th Cir. 1974) (citations omitted). "[W]hen damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." *Fulton v. Chicago, Rock Island & P. R. Co.*, 481 F.2d 326, 332 (8th Cir. 1973). Late delivery and refusal to deliver are such failures to perform.

Based on the factual allegations of the Complaint, which are taken as true, the actual delivery date of July 20, 2018 is outside of the bill of lading's delivery window, indicating a breach of the bill of lading by Defendant for late delivery. The Complaint also alleges money damages that resulted from Defendant's late delivery and refusal to deliver. The Court therefore finds that Defendants have violated the Carmack Amendment.

**Common Law Conversion Claim**

In Missouri, conversion is the "'unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights.'" *Mertz v. Blockbuster, Inc.*, 32 S.W.3d 130, 133 (Mo. App. E.D. 2000) (*quoting Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller*, 896 S.W.2d 741, 742 (Mo. App. E.D.1995)). A conversion claim may be proved by showing: (1) a tortious taking; (2) any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner;

*or* (3) a refusal to give up possession to the owner on demand. *Mertz*, 32 S.W.3d at 133 (*citing Auto Alarm Supply Corp. v. Lou Fusz Motor Co.*, 986 S.W.2d 467,468 (Mo. App. E.D. 1998)) (emphasis in original).

The Complaint alleges that Defendant refused to deliver the household goods to Plaintiff, refused to allow Plaintiff to inspect their belongings, and threatened to sell Plaintiffs' belongings. The factual allegations of the Complaint, therefore, prove that Defendant converted their property under Missouri common law.

**Permanent Injunction**

"The standard for granting a permanent injunction is essentially the same as for a preliminary injunction, except that to obtain a permanent injunction the movant must attain success on the merits." *Bank One, Utah v. Guttau*, 190 F.3d 844, 847 (8th Cir. 1999) (*citing Amoco Prod. Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 546 n. 12 (1987)).

Defendant has failed to enter an appearance or file an answer in this case. Based on this default, the Court accepts all of Plaintiffs' factual allegations as true. Those facts establish Defendant's wrongdoing such that Plaintiffs are entitled to default judgment as to Defendant's liability. Plaintiffs have attained success on the merits of their claims and are entitled to a permanent injunction.

**CONCLUSION**

Based upon the foregoing analysis, the Court concludes default judgment and a permanent injunction in Plaintiffs' favor are appropriate. Plaintiffs' money damages and attorney's fees will be determined and resolved in subsequent proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment and for a permanent injunction (Doc. No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** That Defendant, Professional Transportation Solutions, LLC is hereby permanently enjoined from selling or otherwise disposing of Plaintiff's, David and Kyong Mizell's, household goods and furnishings.

**IT IS HEREBY ORDERED** that the amount of Plaintiffs' money damages and attorney's fees shall be determined in subsequent proceedings.

Dated this 19th day of October, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE